SULLIVAN, Senior Judge
(concurring in part and dissenting in part):
I agree with the majority’s decision to deny appellant’s requests to both dismiss the court-martial charges against him for a lack of jurisdiction and direct his discharge from the United States Army. Such action is entirely consistent with this Court’s opinion in Woodrick v. Divich, 24 MJ 147, 155 (CMA 1987).
I disagree, however, with the majority’s decision to deny a stay of court-martial proceedings until the pending proceedings in federal district court are resolved. Such a stay was granted in Woodrick v. Divich, supra, even though that petitioner’s civil cause of action, along with the trial court’s factual findings in his favor, had been dismissed by the Court of Appeals. Based on principles of comity and the probable refiling of his action, this Court granted a stay of “court-martial proceedings until Woodrick’s claims have been finally adjudicated in the civilian courts.” Id. at 153. These same principles of comity should also apply in Beck’s case, where the civil case is actually pending.
This Court spoke to this precise issue in Woodrick v. Divich, as follows:
Whether, as in [Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972)], a claim is made for release from military status by reason of conscientious objection or whether instead the claim is for release because of a material misrepresentation, a court-martial is not the most convenient forum to handle the matter. These tribunals “are not convened to review and rectify administrative denials of’ release from active duty. Id. 405 U.S. at 42, 92 S.Ct. at 820. Furthermore, the issues of contract law involved here are not those in which courts-martial “have a special competence.” Id. at 39 n. 6, 92 S.Ct. at 819 n. 6.
Parisi makes clear that there are many reasons why it would be desirable if the validity of Woodrick’s enlistment contract could be adjudicated in a Federal District Court, rather than before a court-martial. Moreover, it seems clear that, under the principles of comity adverted to in Parisi, the military justice system properly may defer to proceedings in the Federal civilian courts. Just as the Supreme Court urged Federal civilian courts to “give careful consideration to the appropriate demands of comity,” id. at 46, 92 S.Ct. at 822, when related proceedings are pending before courts-martial, the military justice system should consider the “demands of comity” in connection with related proceedings in a Federal District Court.

Id.

The majority denies the request for a stay of the court-martial proceedings on the basis that the federal district court has not yet made a persuasive ruling in the civil action and the absence of “similar prudential considerations.” 56 MJ at 427. It is uncontroverted, however, that the district court is prepared to go forward and itself suggested to appellant that he seek a stay of the court-martial proceedings before it further acts in his case. The principles of comity delineated in Woodrick v. Divich, supra, strongly suggest that this Court should not act in a way which fosters competing civilian and military legal proceedings.
In sum, I would hold that appellant’s writ-appeal petition should be resolved on the basis of this Court’s decision in Woodrick v. Divich, supra. Accordingly, following our Court’s precedent, I would vote to grant the requested stay.